Good afternoon. May it please the Court, Aaron Tiller appearing on behalf of the appellant Tracy Davis. Your Honors, I would ask that I could reserve two minutes for rebuttal. Sure. Keep track of your own time. I will, Your Honor. Thank you. This case is a case of strict statutory construction. We, the courts, are bound to follow the plain language of the statute unless it results in an absurd result. In the plain language of this statute, the operative statute is 47 U.S. Code Section 227B1, is that a plaintiff can support a claim under the TCPA, the Telephone Consumer Protection Act, under three grounds. It's disjunctive. Either the use of an ATDS, an Automated Telephone Dialing System, or a prerecorded voice, or an artificial voice. Yeah, but isn't this really a pleading case? It is, Your Honor. It's a, well, respectfully... I mean, the question is, it seems to me the question is whether or not any of those alternative claims were adequately pled. That actual issue, Your Honor, and we could have made this more clear in our reply. I mean, if you look at the order itself, page 5, the September 28, 2023 order by the District Court, stated that FRCP Rule 8, those grounds, that this motion to dismiss was denied. It was, so it was denied on part, in part, granted in part. The motion to dismiss under Rule 8, that was denied. It stated that we met the Rule 8 pleading standard. It then went on to sui sponte... How could it say that you met the pleading standard for a claim that it then said you didn't have? Well, there's two, so the Rule 8 pleading standard, short and plain statement, we understand Twombly, we understand Ashcroft. We made the, we met our burden by establishing facts. Now the court, under 12b6, can look at those facts, and state, I can see no grounds by which to not grant this motion, because we pled the facts. This was a customer of Rocket Loans. They had the telephone number of the appellant, and they, this was, they were called with Tuohy's Hellier telephone after revoking, yes. For me, part of the difficulty here comes from, so I mean... Okay, I've actually already got the system connected, and the video is off, so just buzz me again when it comes up. Okay. The, under the Facebook case, the other party of which I'm forgetting, the ATDS part is out, right? So we're talking about the artificial or pre-recorded voice, and for me, the difficulty is that throughout the complaint, you alleged that they used an ATDS and slash or, a pre-recorded or artificial voice. So do you think that's adequate to, under Iqbal, to make a plausible allegation of an artificial or pre-recorded voice claim? I think, Your Honor, what occurred here was, there was 150 calls, as was alleged in the complaint. There was a letter sent revoking consent on October 26, 2022, and from that date until the complaint, there was multiple calls. Some were used in an automated telephone dialing system, and were not pre-recorded calls. Some were artificial calls, and some were pre-recorded. There's a, there's an issue between artificial and pre-recorded, is they're pre-recorded, but using a computer, and that's where discovery helps us really flesh out, is it an artificial voice, is it actually a pre-recorded voice? Right, but as you alleged it, it could also have been an ATDS, right? Some calls were. Well, but I guess, I mean, so this is sort of a basic pleading standards question. Suppose you have a battery claim, right? And the allegation in the complaint is, defendant looked at me funny and or punched me. Do you think that that is sufficient to survive a motion to dismiss? I think in that distinguishable situation, no, because there's one event, and if they punched him and or looked at them funny, I do believe these standards, but I believe for the purposes of FRCPA, even Rule 9, who, what, where, when, how, they're on notice. Ashcroft and Twombly, they were merely stating, we need more, we need more than just, they violated the Telephone Consumer Protection Act. So we gave them more. We gave them the date of the letter. We gave them the date of the phone calls. We gave them the description of the calls, but to, many courts have just completely rised the level above, at mere 12B6 in Rule 8, this is not a fraud claim under Rule 9, that we need extra, extra higher level of specificity. The appellee in this case knows what occurred. They know who the client is. They know, they pull the call records. They have, they're put on notice of what is occurring here. The true error in this case was that the court, sua sponte, because these arguments were not actually, Facebook was not cited to in any of the briefing. The court, sua sponte, looked at the recent decision of Facebook versus Deguib, where it stated that you have the number. You cannot, you couldn't have just automatically generated this phone number. This was a number you had on file. It wasn't a random, sequentially generated number. And so, the court, we did not concede, we do not contest that that portion of those claims for the HDS should have been dismissed. The problem was the court never reviewed and stated they did also allege these two other... Well, maybe, right? I mean, this is, I mean, maybe one lesson from this is that the use of and, slash, or in drafting leaves people uncertain exactly which one you're saying, right? And I think in that situation, if there was a Rule 8 issue, but the real, as we stated throughout our notice of appeal, the issue on appeal, the heir was granting this without leave to amend. The heir was denying this with prejudice. It was denied with prejudice under 12b-6. So what would you add? The best I could add is take out and, I mean, or, take out or and just say they also used this, because that's what occurred here. But couldn't you also describe, I mean, the question whether you have to, but couldn't you also say why you knew that it was that? Like, we heard it, we, there was a pause, there was a beep, and then a voice came on. I asked a question, it didn't respond to me. I mean, isn't that what's really before us is do you need to add more? I mean, you've got the and, or issue, but I'm wondering if the bigger question is do you need something more to describe why you knew these 150 calls? Or you could just say we know that 150 calls are never made, you know, without the use of auto dialing. Yeah, that wasn't the, I mean, the allegation was, yes. Could I have, I mean, I wouldn't be here today if possibly we would have had, and in the future, I have a complaint under this, I would add more. I would add the resuscitation of the calls. Sometimes, though, we're not allowed to have that information without discovery, and that's the purpose of this lower standard at the pleading level, that we, all factual allegations are seen as true and looked at in the light most favorable to the movement party, the plaintiff in this case. That's the reason is because we don't have the benefit of discovery. We have a client who, there was automated robotic calls. Should the word of robotic been thrown into the complaint, ideally I would have done so. I'll concede that fact. But these are technical, small things that, factual allegations that could have beefed up this complaint. But the true issue is, at this stage, on the original complaint. You should get an amendment. If there's a problem, you want an opportunity to amend it. As the courts have said, it should be liberally given only in situations where it just truly is no amendment, it's futile, or you've given plaintiff's counsel four. If they're on their fifth amended complaint and they're just, then it's an abuse of discretion if they decide you just can't do it. This case, it was the original complaint and it was dismissed with prejudice. You seem to be kind of implicitly conceding that your client never heard the voice. No, no, that's not. This is something that if this was granted with leave to amend, we would have just beefed up those factual allegations. The plaintiff did hear the voices. It was robotic. It was the same message over and over and over, which is once we get discovery, we'll get those pre-recorded voices, and it'll be clear. The issue is at the pleading stage, I don't, you know, I could attach the recording, transcribe it into the record. There's obviously I could always plead a better complaint, but at this stage, the true error is to, at this stage, we pled to who, what, where, what, hint, where, how. We just ask that we, but I think it's enough for Rule 8, maybe not Rule 9, but Rule 8, and clearly enough to get leave to amend, as there can be a claim due to the fact that this is disjunctive statute, that you could have done it under a recorded voice. Okay. We'll give you a little bit of time for rebuttal. Thank you.  Go ahead. Good afternoon. My name is Sanford Schatz, and I'm appearing on behalf of Defendant and Appellee Rock Loans Marketplace, LLC, DBA Rocket Loans. The issue before us today is, as you suggested, did the district court properly dismiss the case when Tracy Davis did not allege sufficient facts, or frankly any facts, to show that Rocket Loans used a pre-recorded or artificial voice? Did the district court weigh in on that issue? I thought the district court didn't reach it because the district court decided that there was no legal case here. The district court explicitly said there is no ATDS. Right. The district court had the entire complaint in front of it and said, based on the, well, it didn't say it, but it implied, based on the allegations in the complaint, there is no basis for leave to amend. Leave to amend wasn't. The district court didn't say that. It just didn't say anything about it. It said, well, with prejudice, no leave to amend. But, I mean, our case law clearly says that you should be given, you either have to explain, the district court has some duty to explain futility. You can't just, our case law seems pretty clear on this, although tell me if I'm wrong, that you can't just implicitly dismiss with prejudice without making a determination of futility. I'm smiling because, no, I cannot tell you you're wrong. So, sorry, I can't. I can try and make arguments for you. Look, I'm not saying I love Ninth Circuit law on that issue either, but that's what we got. I would love to tap dance for you. Okay. No, but that's not what we have here. Here we have the case where the complaint was pled and no leave to amend was requested in the opposition.  When the opening brief was. I'm sorry. I thought on ER 55, I think it is. It's the plaintiff's opposition last line. Alternatively, should this court grant defendant's motion to dismiss in whole or in part, plaintiff respectfully requests leave to amend the complaint. And I have the proof of service. I want one page too far. It's ER 55, page 12 of the opposition.  But one request for leave to amend says, and here's what I would do, or we have these grounds, it never came up. But even if he asks for it in the opposition that you're talking about, the opening brief doesn't mention it. The opening brief doesn't address it. Now you mean the opening brief in this court? Correct. It talks about the error and focuses on artificial and prerecorded. Okay, it doesn't talk about the Rosenthal Act. It says nothing about the leave to amend. And when you get to the standard of review in the opening brief, it talks about the standard for reviewing granting a 12B6 and an 8 de novo review and says nothing about leave to amend. That's raised in the appellee brief. So that even if there was an opportunity, we are arguing here appellant has waived it by not raising it. And doesn't say in their brief, either brief or frankly at oral argument, how they would amend. When the district court looks at this case and looks at the facts, there are no facts alleged to support the legal requirements. So in the opening brief at page 11 and 16, appellant states that there are five separate occasions where ROC loans used a prerecorded or artificial voice message, and then cites six paragraphs in the complaint. In the argument paragraphs following that, they only refer to paragraphs 27, 38, 42, and 43. What would they have to plead that would satisfy Rule 8 here then? Any facts more than they used an artificial voice or a prerecorded voice. We got the phone call. There was a pause. It sounded like an artificial voice. That would be enough? That should be sufficient at least for pleading purposes to show that, yes, that it might have been an artificial or prerecorded voice. We have none of that. I feel like there's a rule of reason here, and maybe it's because I've gotten, maybe my phone number has gotten on some bad list, but I get a ton of these calls. I know within two seconds whether it's artificial or a live person. And so I guess I'm having a real hard time understanding why we're getting all caught up on this. It seems a highly technical matter that it's like I can go outside and say, this guy is blue. Like I don't need to allege there were no clouds in the sky. I mean it's like you just know. Any common person seems to know whether it was an automated call or not. No. Well, my first comment is you're not on one list. You're on a million lists. Yeah. Okay. The second comment is no, that's not how it works at phone banks. So at phone banks you have the queues, again, not in the pleadings. I'll grant you that. You have the queues of callers who finish a call, enter their notes and push a button, and the next call queues up and they're ready to make the call. The button is pushed and the phone dials, and they don't say anything until the other side answers the phone and says,  So that pause is to be expected. No, but I'm saying within two seconds of talking to that person.  Or hearing the voice. I shouldn't say person. Okay. But I'm hearing the voice. I know whether it's automated or not. Then yes, but that's not alleged. Well, but it is. I'm sorry. Paragraph 43. Hang on. Artificial or prerecorded voice, no facts. So that's my notes. Let me get paragraph 43. Paragraph 43. Furthermore, and so this is, I mean, I was asking your friend about the use of and slash or. This is a paragraph that does not use and or. Furthermore, some of the defendants calls to plaintiff after receiving the letter contained an artificial or prerecorded voice as prohibited by the statute. So that, I mean, isn't that exactly the sort of factual allegation that Judge Nelson was talking about? No. No. For example, in a negligence case, when the allegation is they acted negligently, you're looking for facts that show the negligent acting. They were speeding, et cetera. I just view that totally differently. I mean, you're saying that this is equivalent of saying, hey, they committed negligence. I'm saying that we need facts under Iqbal and Twombly to show that the elements of the statute have been met. The elements of the statute include a call with an artificial or prerecorded voice. But I guess, I mean, this is I think the same question Judge Nelson was asking. That seems like it is a fact, right? Like you answer the phone and you can listen to the voice that you're hearing and you draw a conclusion, this is a live person, this is not a live person. Like that's a fact that you can perceive, isn't it? That's a fact you would then allege, but they didn't even allege. That's what this alleges. Some of the calls contained an artificial or prerecorded voice, right? Okay, that is what those words say. So I'm suggesting those words are not sufficient. If you think they're sufficient, thank you for your time. What words would be sufficient if those aren't sufficient? You have the statutory standard, any words to show facts that you met the statutory standard. Give me an example of words that would show those facts. Sure, I answered the phone and heard an electronic noise. I answered the phone, there was a pause, and then a voice said the same voice that I heard in 13 previous calls saying the same words. Because you could be having, as they said in paragraphs 27, 38, 42, agents, representatives, agents or representatives would have a slight variation in their script. Not everyone speaks with a perfect Pasadena accent from having spent 12 years in the Pasadena school system. They all have slight different variations in intonation and inflection. None of that comes through in the complaint. None of that comes through in the opening brief or reply brief. All it is is you used an artificial or prerecorded voice. Okay, what are the facts? Just allege anything. That's what we're saying on that topic. The only other point to make aside, in our view, no facts being alleged is the leave to amend issue. Not raised or sought in the opening brief. But your argument, as I understand it now, is that's more of an appellate. It's actually been forfeited on appeal because they didn't raise it in their opening brief. Correct. Okay. Well, we'll take a look at that. And while the last paragraph of the opposition to the motion says what you said, again, no support for it at either the non-oral argument in the opposition to the motion or even in the opening brief where they said, hey, the court didn't give us leave to amend. Here is what we would say. Not everything, but here are some of the things we would say or could say. Relying on agents or representatives through discovery to later prove this may not be sufficient if I have no idea. Because remember, I, the appellant, I, the plaintiff, heard these calls. If I didn't hear the calls, there's no claim. But I heard these calls, and here is what I heard. Thank you. Thank you. Thank you for your argument. We'll give a minute for rebuttal. I'm going to hop out of the way. Your Honors, as I stated, as to just the leave to amend, it was requested in the opposition to the motion to dismiss. Furthermore, the court actually denied the motion to dismiss under the pleading standards, saying that we failed to plead facts sufficient under FRCP Rule 8. That was not, there was no cross appeal. If it's good for the goose, it's good for the gander. If they're going to argue now that we failed to hit FRCP Rule 8, they should have appealed that order by the court, which stated we did plead this with proper particularity. And I will reiterate, there's been not one statement as to how possibly any amendment would be futile, that a futility of amendment is required for denial of leave to amend. We've stated over and over, the error in this court was the granting under 12b-6 with prejudice. And that implicit, that that is an error, is that it should have been either denied or granted without prejudice with leave to amend. This is denial of review. We're looking at this anew. If this was reviewed anew, would this court uphold that order? I don't think so, after analyzing it. Judge Schroeder may have a question. I had a question. Are you suggesting that the district court, in your opening brief, I had the feeling that you were actually suggesting the district court erred as a matter of law because it was really holding if you don't meet the requirements for the automatic call, that you're out. If you read it, it was a sua sponte argument brought up. There was no oral argument. I believe there would have been a different result if there was oral argument, as we would have pointed out, but the disjunctive portion of the statute and state, well, you may be correct as to, yes, post-Facebook versus Degweeb, this is probably not a randomly generated number because they were their customer, but there's two other alternative means by which to still have a claim under 2747. That could have been the reason that the district court did it with prejudice. I believe exactly that was the reason. It just did not. There's no analysis in the order itself. The prerecorded voice or artificial voice is never once mentioned or analyzed, and there was no oral argument to try to possibly correct just an oversight of not seeing that there's an alternative theory under the statute. Okay. Thank you. Thank you to both counsel for your arguments. The case is now submitted, and that concludes our arguments for the week. Thank you, Your Honor. All rise. This court for this session stands adjourned. Thank you.
judges: SCHROEDER, NELSON, MILLER